IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case No. 17-10149-JWB

JALEN L. CLINTON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 86.) The motion has been fully briefed and the matter is ripe for decision. (Docs. 92, 93.) For the reasons stated herein, the motion is DENIED.

**I. Background**

On April 20, 2018, Defendant entered a plea of guilty to one count of misprision of felony under 18 U.S.C. § 4. (Doc. 62.) Upon completion of all applicable procedural requirements, Defendant was sentenced to 3 years' probation. (Docs. 66, 67.) Judgment was entered on July 18, 2018. (Doc. 67.) No notice of appeal was filed, so the decision became final fourteen days later on August 1, 2018. *See* Fed. R. App. P. 4(b)(1)(A).

Defendant's probation was revoked on February 11, 2019, for violating his terms of probation. (Doc. 85, at 1.) The violations resulted in a 24-month imprisonment sentence. (Doc. 85, at 2.) The present motion to vacate under 28 U.S.C. § 2255 was submitted on October 28, 2019. (Doc. 86.)

**II. 2255 Standard**

Section 2255(a) of Title 28 of the U.S. Code provides in part that a federal prisoner seeking release on the basis that his sentence violated federal constitutional or statutory law "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings.

**III. Analysis**

Initially, the government asserts that Defendant's claim fails because it is untimely. According to § 2255(f)(1), a one-year period of limitation begins to run on the date a conviction becomes final. In his motion, Defendant asserts that his filing is timely because he was not in custody until his probation was revoked on February 15, 2019. (Doc. 86 at 10.) Defendant contends section 2255(a)'s requirement that he be "in custody" did not apply while he was on probation, such that the limitations period did not begin until his imprisonment on February 15, 2019, following the revocation hearing for violating the terms of his probation. (Doc. 86.) This is not the case. "For the purposes of habeas-corpus relief, '[c]ustody is not limited to physical confinement; it exists whenever conditions have been imposed which significantly confine and restrain (the movant's) freedom.' Thus, 'probation, like parole, constitutes custody.'" *United States v. Guerrero-Castro*, 488 F. App'x 300, 302 (10th Cir. 2012) (quoting *United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980)). Therefore, because Defendant was "in custody" when the judgment entering his probation sentence was final, Defendant was required to file a motion to

vacate within one year of August 1, 2018.[1]  Defendant's motion was filed on October 28, 2019, which falls outside of the period of limitation.

In his reply brief, Defendant points to the Tenth Circuit's decision in *United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980) as support for the claim that imprisonment following a period of probation starts the period of limitation clock anew. (Doc. 93 at 4-5.) *Condit* was decided in 1980, well before the addition of the period of limitation to the statute in a 1996 amendment. Thus, once the court in *Condit* decided the defendant was "in custody," there was no need to consider whether the four year gap between the start of probation and the motion to vacate violated a period of limitation from the statute.

Although Defendant's claim is barred by the statute of limitations, the statute is subject to equitable tolling if Defendants establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Equitable tolling is available only in "rare and exceptional circumstances." *United States v. Lee*, 163 F. App'x 741, 743 (10th Cir. 2006) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).  But "equitable tolling 'is *only* available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Id.* at 743 (emphasis in original) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).  Any alleged negligence by his trial attorney in not filing his direct appeal does not amount to extraordinary circumstances to toll the statute of limitations. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007).  Defendant has not provided any basis for this court to toll the statute of limitations in this case.

---

[1] Except for Defendant's in-custody argument, Defendant does not argue that a different date under the remaining statutory provisions in § 2255(f) is applicable.  After review of Defendant's motion and reply brief, the court finds that (f)(2), (3), and (4) are not applicable based on Defendant's claims.

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court must indicate "which specific issue or issues satisfy [the] showing." This requires petitioner to show that this court's ruling was "debatable among reasonable jurists." *Harris v. Sharp*, No. 17-6109, 2019 WL 5541416, at *37 (10th Cir. Oct. 28, 2019) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).

The Court finds that a certificate of appealability should not issue in this case. Nothing in the record suggests that the Tenth Circuit would resolve these issues differently.

## IV. Conclusion

Defendant's Motion to Vacate under § 2255 (Doc. 86) is DENIED because such motion occurred outside of the statute of limitations provided by 28 U.S.C. § 2255(f)(1).

IT IS SO ORDERED this 10th day of March, 2020.

                                                       _____s/ John W. Broomes_____
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE